

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS    TWENTY-FIFTH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

T 212.307.5500
F 212.307.5598
emtortora@venable.com

August 28, 2014

**VIA ECF AND REGULAR MAIL**
The Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007

    Re:  *Booz & Company (N.A.) Inc. v. Anurag Gupta*
          No. 14-cv-1234 (DLC) (HBP)

Dear Judge Cote:

    This law firm is counsel for Booz & Company (N.A.) Inc. in connection with the above-referenced matter.

    The Parties write to request the Court's approval of the enclosed Stipulation and Proposed Order Governing the Protection of Confidential Materials (the "Stipulation and Proposed Order"). The Parties have communicated extensively regarding the contents of the Stipulation and Proposed Order, and respectfully forward it to Your Honor for so ordering.

                                  Respectfully,

                                  *E Tortora*

                                  Emily M. Tortora

cc:  Roger Netzer, Esq. (via ECF)
      Cristina Hagglund, Esq. (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
BOOZ & COMPANY (N.A.) INC.,                                   :
                                                              :
                            Plaintiff,                        :   Case No. 14 CV 1234
                                                              :   (DLC)
              - v -                                           :
                                                              :   <u>ECF CASE</u>
ANURAG GUPTA,                                                 :
                                                              :
                            Defendant.                        :
                                                              :
------------------------------------------------------------- x

## STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF CONFIDENTIAL MATERIALS

WHEREAS, Plaintiff and Defendant (individually, a "Party," and, collectively, the "Parties")[1] in the above-captioned action (the "Action") intend to produce, or seek the production of, documents and data that may contain, without limitation, sensitive personal, commercial, financial, proprietary, business or professional information, including trade secrets, and

WHEREAS those documents and data normally would not be revealed to third Parties, and disclosure of those documents and data could be highly prejudicial to the Parties to this litigation and to other persons,

NOW, THEREFORE, the undersigned attorneys for the Parties stipulate and agree that:

---

[1] The term party as used in connection with Plaintiff includes Booz & Co (N.A.) Inc., the entity known as "PwC Strategy& Inc." and PricewaterhouseCoopers, LLP.

1.  This Stipulation and Order Governing the Protection of Confidential Materials (the "Stipulation") governs all documents, data, testimony, and all other information (collectively, "Material") produced or generated in connection with this action.

2.  The provisions of this Stipulation shall be binding throughout the litigation, and shall apply to: (i) the Parties; (ii) their attorneys of record, including clerical, paralegal, and other staff employed by the attorneys; (iii) any other person who agrees to be bound by the terms of this Stipulation; (iv) any person or entity who has been asked, or is otherwise required, whether by operation of a subpoena or otherwise, to produce documents and/or information in connection with this matter; and (v) all persons to whom Confidential Material or Attorneys' Eyes Only Material, as defined below, is shown.

3.  Either Party may designate as "Confidential Material" (or, alternatively, using the legend "Confidential") any non-public Material produced or exchanged in the course of this case (A) when the Party believes, in good faith, that the Material contains sensitive personal, commercial, financial, proprietary, business, technical, trade secret or professional information, (B) when the Material otherwise normally would not be revealed to third parties, (C) when the Party in possession of the Material received or otherwise possesses the Material subject to confidentiality obligations, including, without limitation, a confidentiality agreement and/or (D) when the producing Party otherwise believes in good faith that the Material is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and/or corresponding Local Rules.

4.  Either Party may designate as "Attorneys' Eyes Only Material" (or, alternatively, using the legend "Attorneys' Eyes Only") any non-public Material produced, generated or

exchanged in the course of this case when such Party in good faith believes that such Material contains trade secrets or other highly confidential or proprietary information, the disclosure of which is likely to cause significant competitive harm or other disadvantage to the designating Party.

5. The Parties agree that good faith designations of "Confidential" or "Attorneys' Eyes Only" include designation of materials that may not have been reviewed in detail by the producing Party, but that the producing Party reasonably believes contains Confidential or Attorneys' Eyes Only Material.

6. Designation of Material as "Confidential" or "Attorneys' Eyes Only" renders confidential the information contained in such Material, as well as any copies, excerpts, summaries, quotations, or paraphrases of the Material.

7. The designation of Material as "Confidential" or "Attorneys' Eyes Only," including the decision whether to so designate Material, cannot be used against the designating Party as an admission of any issue in this or any other action.

8. Material designated as "Confidential" and Material designated as "Attorneys' Eyes Only" are subject to the following restrictions:

> A. Confidential Material and Attorneys' Eyes Only Material may be used only for the purposes of preparing for and conducting this litigation, including any appeals, and not for any other purpose. Confidential Material and Attorneys' Eyes Only Material must not be given, shown, made available, or communicated in any way to anyone except as permitted or otherwise provided in this Stipulation. For the avoidance of doubt, Confidential Material and Attorneys' Eyes Only Material may not be used in connection with any other litigation, including, but not limited to, any litigation brought by one Party against the other Party, unless

        expressly authorized in writing by the designating Party or such Party's undersigned counsel.

B.    Confidential Material may be disclosed, for the purposes stated above, only to:

    i.    attorneys of record for the Parties and employees of those attorneys, including clerical, paralegal and other staff, who are assisting in the conduct of this litigation and for no other purposes;

    ii.    the Parties, including officers, directors, agents and employees of the Parties, who are working directly on the litigation with or under the direction of counsel, and to whom it is necessary that the Confidential Material be shown for purposes of this litigation;

    iii.    the Court (and any appellate court), including court personnel, jurors and alternate jurors, and court reporters to the extent necessary to record the court proceedings and depositions in this litigation, subject, to the extent applicable, to the filing requirements set forth in Paragraph 11 of this Stipulation;

    iv.    insurance carriers to the extent reasonably necessary;

    v.    outside providers of document reproduction, imaging, and coding services, to the extent reasonably necessary to prepare this litigation for discovery and trial;

    vi.    solely for the purpose of assisting in the preparation of this litigation for discovery and trial, experts, such as independent accountants, statisticians, economists and/or other expert witnesses, employed or engaged by the Parties or their attorneys of record in this litigation;

    vii.    witnesses and/or experts testifying at any deposition, hearing or the trial of this action, provided however, that (a) Confidential Material may be disclosed to such persons only in preparation for, review of, or in the course of his or her testimony; (b) subject to the foregoing Section 8(B)(vii)(a), the only Confidential Material that may be disclosed to such persons is Confidential Material that is relevant to such person's testimony; and (c) such persons may not retain the Confidential Material, whether before or after such person's testimony has concluded; and

    viii.    the person or persons who authored or received the Confidential Material.

C.    Attorneys' Eyes Only Material may be disclosed, for the purposes stated in Section 8(A) above, only to:

    i. attorneys of record for the Parties and employees of such attorneys, including clerical, paralegal, and other staff, who are assisting in the conduct of this litigation and for no other purposes;

    ii. the Parties, including officers, directors, agents and employees of the Parties, who are working directly on the litigation with or under the direction of counsel, and to whom it is necessary that the Attorneys' Eyes Only Material be shown for purposes of this litigation;

    iii. the Court (and any appellate court), including court personnel, jurors and alternate jurors, and court reporters to the extent necessary to record the court proceedings and depositions in this litigation, subject, to the extent applicable, to the filing requirements set forth in Paragraph 11 of this stipulation;

    iv. outside providers of document reproduction, imaging, and coding services, to the extent reasonably necessary to prepare this litigation for discovery and trial;

    v. experts, such as independent accountants, statisticians, economists and/or other expert witnesses, employed or engaged by the Parties or their attorneys of record in this litigation, but solely for the purpose of assisting counsel in the preparation of this litigation for discovery and trial;

    vi. for purposes of preparing for testimony, witnesses at trial or deponents in this action who, on the face of the Material, appear to have authored or received the Material; provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Attorneys' Eyes Only Material;

    vii. such other persons to whom counsel for the producing Party agrees in advance in writing that it may be disclosed, or as Ordered by the Court;

    viii. the parties identified in subsections (i)-(vii) above shall not be permitted to retain copies of such Attorneys' Eyes Only Material, provided that the parties identified in subsection (i) above shall comply with the provisions of Paragraph 19 below on behalf of themselves and all other individuals to whom they have provided Attorneys' Eyes Only Material in accordance with this Paragraph 8(C).

9. Each person (other than the Court) given access to Confidential Material or Attorneys' Eyes Only Material under the terms of this Stipulation must be advised by the party by whom such access is being given that (A) such Material is being disclosed subject to the

terms of this Stipulation and (B) unless otherwise permitted by this Stipulation, such Material may not, for any reason, be shown or provided to any other person or entity. Before any person specified in Paragraphs 8(B)(iv)-(vii) and 8(C)(iv)-(vii) is given access to Confidential Material or Attorneys' Eyes Only Material, such person must agree in writing (in substantially the form of Exhibit A) to be bound by the provisions of this Stipulation. Counsel for the Party disclosing the Confidential Material or Attorneys' Eyes Only Material must retain a copy of that executed writing.

10. Confidential Material or Attorneys' Eyes Only Material may be designated as follows:

    A. With respect to documents, designation may be made by placing the legend "Confidential" or "Attorneys' Eyes Only" on each page preceding the document, or, if not practicable, on the first page of the document, in the file name, or in the cover letter or email before production. Instead of marking the originals of documents, the Parties may mark the copies that are produced. In addition, documents may be designated as "Confidential" or "Attorneys' Eyes Only" by the supplying Party in a written statement prepared at the time that the documents are produced.

    B. With respect to depositions, designation of those portions of the transcript (including exhibits) that contain or relate to Confidential Material or Attorneys' Eyes Only Material may be made by indicating on the record at the deposition that the testimony is subject to the provisions of the Stipulation. Either Party also may designate information revealed or disclosed at a deposition "Confidential" or "Attorneys' Eyes Only" by notifying the other Party in writing no later than 14 days after receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Attorneys' Eyes Only." All deposition testimony (including notes of the testimony) must be treated as "Confidential" during such 14-day period unless any or all of the transcript was designated as "Attorneys' Eyes Only" at the deposition, in which case all of the deposition testimony must be treated as "Attorneys' Eyes Only" during such 14-day period. The Parties may stipulate, at their option, that the entire transcript and exhibits be marked and treated as "Confidential" or "Attorneys' Eyes Only."

    C. With respect to written discovery responses, designation of such responses that contain or relate to Confidential Material or Attorneys' Eyes Only Material may be made by indicating in the response that the information is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Stipulation.

11.     Subject to the applicable rules of the presiding Judge and/or Magistrate Judge, all portions of documents to be filed with the Court that disclose Confidential Material or Attorneys' Eyes Only Material, which are accompanied by a motion for temporary or permanent seal, shall be filed under temporary seal pursuant to this Paragraph. (The phrase "motion to seal" as used in this Paragraph refers to a motion for a permanent seal.)

    A. If a document is filed with the Court that discloses Confidential Material or Attorneys' Eyes Only Material that has been produced by the Party submitting the document, then the document may, at the submitting Party's option, be filed along with a motion to seal. The submitting Party shall simultaneously file for public review a redacted copy of the document, which redacts only those portions of the document that disclose the Confidential Material or Attorneys' Eyes Only Material ("Redacted Version"). A temporary seal shall remain in place until final resolution of the submitting Party's motion to seal.

    B. If a document is filed with the Court disclosing Confidential Material or Attorneys' Eyes Only Material that has been produced by a Party other than the Party submitting the document, then the filing Party shall file the document along with an application for temporary seal, and shall notify the producing Party of the same in writing within 3 days of the filing, unless the producing Party agrees in writing that the submitting Party need not file the document under temporary seal, in which case the submitting Party shall publicly file the document. In any case where the filing Party has filed a temporary motion to seal the Confidential Material or Attorneys' Eyes Only Material that has been produced by another Party, the temporary seal will expire twenty-one days after filing, unless the producing Party files a motion to seal, in which case the temporary seal shall remain in place until final resolution of the producing Party's motion to seal.

    C. A submitting Party may file a document under temporary or permanent seal pursuant to subsections 10(A) and 10(B) above by mail in lieu of in-person filing. This so-ordered stipulation is a signed protective order for purposes of filing under seal.

    D. If a document disclosing Confidential Material or Attorneys' Eyes Only Material produced by both the submitting Party and a non-submitting Party is filed with the Court, then the submitting Party may, at its option, file a motion to seal its Confidential Material or Attorneys' Eyes Only Material at the time of filing, and shall file an application for temporary seal with respect to the Confidential Material or Attorneys' Eyes Only Material of the non-submitting Party. The submitting Party shall notify the non-submitting Party of the same in writing within 3 days of the filing, unless the non-submitting Party agrees in writing that the submitting Party need not file its Confidential Material or Attorneys' Eyes Only Material under temporary seal. In any case where the submitting Party has filed both a motion to seal its Confidential Material or Attorneys' Eyes Only Material and a temporary motion to seal the Confidential Material of the non-submitting Party, the temporary seal will expire twenty-one days after filing of the document disclosing the Confidential Material or Attorneys' Eyes Only Material, unless the non-submitting Party files a motion to seal, in which case the temporary seal shall remain in place until resolution of the motions to seal.

    E. The filing of an application for temporary seal is without prejudice to the submitting Party's ability to oppose the motion to seal, or otherwise take advantage of the provisions of this Stipulation to contest the producing Party's confidentiality designations. In all cases, the Party seeking the confidential treatment shall bear the burden of persuasion on any motion to seal.

12. In the event that any Confidential Material or Attorneys' Eyes Only Material is used in any court proceeding in connection with this litigation, it does not lose its confidential status through that use, and the Parties must take all steps reasonably required to protect its confidentiality during that use.

13. The Parties understand that Confidential Material or Attorneys' Eyes Only Material might have been produced before the execution of this Stipulation. The Parties agree that any of that Material is subject to the terms and conditions of this Stipulation, and reserve the right to designate any Material as "Confidential" or "Attorneys' Eyes Only" within a reasonable time of the execution of this Stipulation.

14. Nothing in this Stipulation prevents disclosure of Confidential Material or Attorneys' Eyes Only Material if the Party designating the information as "Confidential" or "Attorneys' Eyes Only" consents to the disclosure in question in writing prior to disclosure, or as required by law. If either Party is required by law - whether by order of the Court or otherwise - to disclose Confidential Material or Attorneys' Eyes Only Material, that Party will provide the Party designating the Material as "Confidential" or "Attorneys' Eyes Only" with sufficient notice of the required disclosure to allow the designating Party an opportunity to seek appropriate relief to prevent disclosure.

15. Nothing contained in this Stipulation shall prevent the use of Confidential Material or Attorneys' Eyes Only Material at trial, conference, hearing or deposition in the above-captioned action, subject always to the provisions of this Stipulation, nor shall it prevent the Party who designates Material as Confidential or Attorneys' Eyes Only from disclosing that Material as that Party deems appropriate.

16. Neither Party concedes that any Material designated by the other has been properly designated. In the event that either Party disagrees at any stage of these proceedings with the designation by the other Party of any information as "Confidential" or "Attorneys' Eyes Only," the Parties shall attempt in good faith to settle the dispute without Court intervention. Such a challenge must be raised with the designating Party in writing within thirty (30) days after the challenging Party's receipt of the at-issue document or information. If the dispute cannot be resolved, either Party, on reasonable notice, may seek appropriate relief from the Court; for the avoidance of doubt, the burden of proving the need for the designation shall lie with the party requesting the designation. The Material at issue shall continue to be treated as "Confidential" or "Attorneys' Eyes Only" until the issue has been finally adjudicated by the Court.

17. The unintentional disclosure by the supplying Party of Confidential Material or Attorneys' Eyes Only Material, regardless of whether the Material was designated "Confidential" or "Attorneys' Eyes Only" at the time of production, is not a waiver of that Party's claim of confidentiality, either as to the specific information disclosed or as to any other related information.

18. Notwithstanding anything in this Order, the Parties agree that any information that is privileged or otherwise protected from disclosure ("Privileged Information") that inadvertently is disclosed does not constitute a waiver of any privilege or protection from disclosure. In such instance, the receiving Party will, as applicable, (A) promptly return all copies of the Privileged Information to the producing Party upon request, provided that the producing Party requests the return of the Privileged Information within sixty (60) days of discovery of the inadvertent disclosure of Privileged Information to the receiving Party, or (B) promptly advise the producing Party in writing that the producing Party has disclosed Privileged Information, in which case the producing Party may, within sixty (60) days after the receiving Party's written notice of its discovery of the producing Party's inadvertent disclosure of Privileged Information, request the return of the Privileged Information. Such return shall not constitute a waiver of the receiving Party's right to seek discovery of any such inadvertently produced Privileged Information; however, the inadvertent disclosure of such Privileged Information shall not constitute a waiver or abandonment of any grounds for opposing disclosure based upon an applicable legal privilege. Absent an express written agreement by the producing Party or an order of the Court, such returned Privileged Information may not be used by the receiving Party for any purposes, either in this litigation or otherwise.

19. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to either (A) assemble and to return to the designating attorney all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material or (B) destroy all aforementioned items,[2] at the designating attorney's election. Any attorney work product that references such Confidential Material or Attorneys' Eyes Only Material shall not be subject to the foregoing sentence, unless the attorney work product reproduces, quotes, attaches, exhibits or otherwise references either all or a portion of the Confidential Material and/or Attorneys' Eyes Only Material, in which case the aforementioned attorney work product shall be subject to provisions (A) or (B) above (but only in so far as such attorney work product reproduces, quotes, attaches, exhibits or otherwise references either all or a portion of the Confidential Material or Attorneys' Eyes Only Material), at the designating attorney's election. Counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto that contain Confidential Material and/or Attorneys' Eyes Only Material for archival purposes, provided that the provisions of this Stipulation are otherwise applicable. To the extent that a party requests the return of the Confidential Material or Attorneys' Eyes Only Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

20. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially

---

[2] Destruction shall mean using DOD protocol of erase and three time overwrite or stronger.

retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

21. Nothing within this Stipulation prevents the Parties from stating additional objections to the production of documents or information, or asserting any other grounds that may exist to prevent disclosure.

22. Either Party, on reasonable notice to the others, may ask the Court to modify or supplement the terms of this Stipulation for good cause.

Dated: August 28, 2014

New York, New York

STIPULATED TO BY:

_____
WILLKIE FARR & GALLAGHER LLP
Roger Netzer (rnetzer@willkie.com)
787 Seventh Avenue
New York, New York 10019
Phone: (212) 728-8000

*Attorneys for Defendant Anurag Gupta*

_____
VENABLE LLP
Brian J. Turoff (BJTuroff@Venable.com)
Matthew T. McLaughlin (MTMcLaughlin@Venable.com)
1270 Avenue of the Americas
New York, NY 10020
Phone: (212) 307-5500

*Attorneys for Plaintiff Booz & Company (N.A.) Inc.*

SO ORDERED:

_____

Hon. Denise L. Cote
United States District Judge

Dated: New York, New York
            , 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
BOOZ & COMPANY (N.A.) INC.,                                  :
                                                             :
                    Plaintiff,                               :   Case No. 14 CV 1234
                                                             :   (DLC)
          - v -                                              :
                                                             :   ECF CASE
ANURAG GUPTA,                                                :
                                                             :
                    Defendant.                               :
                                                             :
------------------------------------------------------------ x

## STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION OF CONFIDENTIAL MATERIALS

### CERTIFICATION

I certify that I understand that confidential information is being provided to me under the terms and restrictions of the Stipulation Governing the Protection of Confidential Material entered into by counsel for Plaintiff Booz & Company (N.A.) Inc. and Defendant Anurag Gupta in *Booz & Company (N.A.) Inc. v. Gupta*, United States District Court for the Southern District of New York, Civil Action No. 14 CV 1234 (DLC), and that I have been given a copy of and have read the Stipulation and agree to be bound by it. For purposes of enforcing or interpreting the terms of the Stipulation, I agree to submit to the jurisdiction of this Court.

    Signed:     _____

    Print Name: _____

    Dated:      _____